UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:16-cv-2549 JAM AC P<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR) who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff challenges conditions of his prior confinement in the Sacramento County Jail as a pretrial detainee. By order filed February 9, 2018, this court dismissed plaintiff's original complaint with leave to amend. ECF No. 19.

The court now screens plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A. ECF No. 23. For the reasons that follow, the court finds that the FAC states a potentially cognizable First Amendment claim against defendant Sacramento County Deputy Sheriff Furhman, but not against Deputy Sheriff Greene, Sheriff Scott Jones, Sacramento County, or previously named Dr. Janet Abshire. The undersigned recommends the dismissal of the latter defendants and directs plaintiff to submit the information necessary for the United States Marshal to serve process on defendant Furhman.

1

II.     Screening of Plaintiff's First Amended Complaint (FAC)

A.     Legal Standards

Plaintiff was previously informed, in more detail, of the legal standards this court must apply in screening prisoner civil rights complaints. See ECF No. 19 at 3-4. Under 28 U.S.C. § 1915A(a), this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

B.     Dismissal of Original Complaint with Leave to Amend

Plaintiff's original complaint was dismissed for several reasons, including the fact that plaintiff filed ten separate sets of exhibits in support of the complaint. The complaint lacked clarity whether plaintiff was housed in the Sacramento County Jail as a pretrial detainee during the time in question; it was a "shotgun" complaint involving myriad disparate claims; and it failed to link specific defendants with specific factual allegations and legal claims. See ECF No. 13. The court addressed potential legal claims in the complaint and accorded plaintiff leave to file an amended complaint with all pertinent exhibits attached thereto. Id.

C.     Allegations of the First Amended Complaint (FAC)

The FAC pursues only one set of allegations previously identified in the original complaint, viz., the alleged opening and reading of plaintiff's legal mail by custodial staff outside of plaintiff's presence. Plaintiff alleges that Sheriff's Deputies Greene and Furhman read his legal mail outside his presence on several occasions when plaintiff was detained in the Sacramento County Jail between May 2016 and January 2018. ECF No. 23 at 5. Plaintiff asserts that defendant Greene "repeatedly read plaintiff's legal mail which was marked (Official Business) & read it outside plaintiff's view." Id. Plaintiff states that he challenged this conduct in another case (Kakowski v. Pingel et al., Case No. 15-cv-7690 SVW KS P (C.D. Cal.)). See

ECF No. 23 at 5. Review of that case[1] demonstrates that plaintiff's "Ex Parte Application for Order to Open Legal Mail in Presence of Petitioner" was denied on the ground that the requested injunctive relief was not related to the claims and parties in that lawsuit. (See Kakowski v. Pingel, Case No. 15-cv-7690 (C.D. Cal), ECF No. 89 at 1.) The magistrate judge noted that plaintiff's "claims for injunctive relief would lie, if at all, against individual prison officials," not the jail itself, and, in any case, that "under federal law, mail from the courts is a matter of public record and is not considered legal mail. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Plaintiff is proceeding pro se, and the opening of Plaintiff's mail from this Court does not constitute a constitutional violation. Id." (Id., ECF No. 89 at 2.)

In the present case, plaintiff generally alleges that Greene's reading of plaintiff's legal mail "became a game with her & personal to the point all staff were questioning plaintiff about lawsuit and activit[ies] which led to more issues," including the opening of plaintiff's legal mail by defendant Furhman. ECF No. 23 at 5. In July 2017, Furhman allegedly opened, outside plaintiff's presence, clearly marked legal mail addressed to plaintiff from American Disability Rights of California, then questioned plaintiff about his medical issues, making plaintiff feel "degraded and humiliated." Id. at 6. Plaintiff pursued this matter with the assistance of counsel in a petition for writ of habeas corpus filed in the Sacramento County Superior Court (Case No. 17HC00121).[2] The petition was granted on the ground that the Sacramento County Main Jail

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Plaintiff made the following factual allegations in his declaration filed in support of his state petition for writ of habeas corpus (Case No.17HC00121), ECF No. 23 at 10-1:

> 3. During the first week of July, 2017, at approximately 6:00 a.m., I was called out from my cell to the 4 East Floor control booth. At that location, Sacramento County Sheriff's Department control booth officer Furhman (sp?) [sic] presented me with an envelope and letter that he had already opened. That envelope was from the Disability Rights California and was marked "Confidential Client-Attorney Communication" and also marked "Legal and Confidential.". . .

3

policy treating only clearly marked "legal mail" as confidential was *not* in compliance with state regulations governing local detention facilities, see Cal. Code Regs. tit. 15, § 1063, or state prisons, Cal. Code Regs. tit. 15, §§ 3141, 3143.³ By order filed September 26, 2017, the Superior

---

> 4. In addition to Officer Furhman having already opened that envelope, Officer Furhman also took out the letter and read it in front of me. Thereafter, he began to ask me questions about the content of the letter. I asked Officer Furhman for a grievance form and he denied it to me. Officer Furhman ultimately gave me the envelope and the letter contained therein.
>
> 5. On July 18, 2017, I submitted a grievance regarding this issue to Sacramento County Sheriff's Department Sgt. Hernandez, the Jail Intelligence Supervisor. . . .
>
> 6. On a separate occasion I had submitted a letter to Lt. Gayman directed to 701 G Street, Sacramento County Sheriff's Department Internal Affairs regarding a citizen complaint. Late one night at approximately 12:00 a.m., SSD Officer Furhman placed under my cell door an already opened envelope which clearly was a response from the Sacramento County Sheriff's Department to my prior letter to Lt. Gayman. The response was from Lt. Donelli. Further, the envelope containing the response was clearly marked "Sacramento County Sheriff's Department."
>
> 7. After Officer Furhman placed the already opened envelope under my cell door, he returned to my cell later on. I asked him why he opened my mail and he indicated that it "wasn't marked legal mail."

³ On September 26, 2017, the Sacramento County Superior Court (Case No. 17HC00121) ruled in pertinent part, ECF No. 23 at 16-7 (this court's emphasis in bold):

> The current written policy regarding incoming legal mail at the Sacramento County Main Jail states:
>
>> Letters to State and Federal courts, members of the State Bar and other licensed attorneys or legal representatives, holders of public office (including local, state and federal officials), the U.S. Department of Justice, embassies and consulates, health care professionals, judges, the Corrections Standards Authority, the Sheriff, the Chief Deputy of Correctional Services of the Jail Commander, administrators of the Main Jail grievance system, and representatives of the news media are official correspondence ("legal mail"). Deputies receiving outgoing legal mail from an inmate or detainee shall inspect the mail in your presence. At the conclusion of the inspection, the envelope will be sealed by you in the presence of a Deputy. The Deputy will then mark the sealed envelope with his/her initials and badge number. <u>Correspondence will only be treated as legal mail if the title and office of the addressee is clearly identified on the</u>

4

Court accorded the jail 90 days, or until the end of December 2017, to make their mail policy compliant with state standards; plaintiff was released from the jail the following month in January 2018.

On another occasion defendant Furhman allegedly "opened legal mail clearly from the Sheriffs Dept/Internal Affairs Division and slid the open contents in my cell," then ignored

> envelope and is clearly marked "LEGAL MAIL." Incoming Legal mail will be opened and inspected for contraband in your presence. Legal mail will not be read by jail personnel, but is your responsibility to inform senders of the labeling requirement for legal mail. Any special requests regarding legal mail should be sent to the Law Librarian on a kite. These requests will be handled on a case by case basis with supervisor approval. (Sacramento County Sheriff's Department Correctional Services Inmate/Detainee Handbook (Rev. 06/2016), Legal Mail, p. 25.) (Emphasis added).
>
> **In short, the requirement that correspondence must be marked as "LEGAL MAIL" in order for it to be treated as confidential mail does not comply with applicable state regulations.** The regulations governing local detention facilities state that the facility administrator "shall develop written policies and procedures for inmate correspondence which provide that: ... (c) jail staff shall not review inmate correspondence to or from state and federal courts, any member of the State Bar or holder of public office, and the State Board of State and Community Corrections; however, jail authorities may open and inspect such mail only to search for contraband, cash, checks, or money orders and in the presence of the inmate." (Cal. Code Regs., Tit. 15, § 1063, italics added.) Nothing in the regulation requires that correspondence from those designated sources be labeled as confidential and/or legal mail in order to be treated as such.
>
> Likewise, the regulations governing mail for similarly situated state prisoners specifically state that, "[a] notice or request for confidentiality is not required on the envelope. Correspondence that is appropriately addressed with a return address that indicates it may be confidential shall be processed and treated as confidential correspondence whether or not it is stamped as such." (Cal. Code Regs., Tit. 15, § 3143.) Simply put, all that is required under Section 3143 is that the letter shows the name, title, return address and the office of persons listed in Section 3141, which designates the agencies and persons with whom inmates may exchange confidential correspondence. (Id.)
>
> Therefore, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED. IT IS FURTHER ORDERED that the Sacramento County Sheriff's Department revise the official correspondence policy at its detention facilities to conform with the regulations. Proof of compliance shall be submitted to this court within 90 days of this order.

plaintiff when he asked for a grievance form. ECF No. 23 at 6; see also n.2, supra (¶¶ 6-7). Plaintiff also alleges that Deputy Greene continued to open his mail and once placed his opened "confidential mail concerning a lawsuit" in another inmate's cell; the mail involved a settlement offer and for months thereafter plaintiff was harassed by other inmates who believed he had money. Id. at 7.

Plaintiff contends that "this old [Sacramento County Jail] policy is the moving force to Deputy Greene and Deputy Furhman repeatedly opening my confidential and legal mail." Id. at 7. Plaintiff also alleges that defendant Sheriff Jones "is the policy maker and his polic[ies] are the moving force behind violating plaintiff's rights." Id. at 5.

### D. Analysis

To summarize, plaintiff challenges the handling of his incoming confidential and/or legal mail while he was detained at the Sacramento County Jail between May 2016 and January 2018. Plaintiff challenges both the prior jail policy that was not in compliance with state regulations during this period (and defendant Jones' alleged responsibility for such noncompliance), and the conduct of defendants Greene and Furhman in their specific handling of plaintiff's mail. Plaintiff relies on the following three incidents involving Greene and Furhman: (1) in July 2017, defendant Furhman opened and read plaintiff's mail received from American Disability Rights of California that was marked "Confidential Client-Attorney Communication" and "Legal and Confidential;" (2) on an unidentified date, defendant Furhman opened plaintiff's mail clearly marked from the Sacramento County Sheriff's Department and slid it under plaintiff's cell door; and (3) on another unidentified date, defendant Greene opened plaintiff's "confidential mail concerning a lawsuit" and a settlement offer and placed the mail in another inmate's cell, resulting in harassment of plaintiff from other inmates.

The fact that former Sacramento County Jail policy (and Jail employees) failed to conform with California laws during the period encompassed by this action does not, in itself, state a federal claim. The violation of state law, i.e., the violation of state jail or prison regulations, does not establish a federal cause of action. Cousins v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009). Section 1983 limits a federal court's jurisdiction to the deprivation of rights secured by

the federal "Constitution and laws." 42 U.S.C. § 1983. A violation of state law may support a federal claim under Section 1983 only if the violation also caused the deprivation of a federally protected right. Lovell v. Poway Unified School District, 90 F.3d 367, 370 (9th Cir. 1996).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("Nordstrom I"). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). In criminal cases, such correspondence is also protected by the Sixth Amendment. See Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) (and cases cited therein). "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II") (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974). "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials from reading the mail in the first place." Nordstrom I, 762 F.3d at 910 (citing Wolff at 577).

The former policy of the Sacramento County Jail required that only clearly marked "legal mail" need be opened in the inmate's presence and could not be read by jail personnel. As a result of the Sacramento County Superior Court's decision in plaintiff's habeas case (Case No. 17HC00121), the Jail was required to expand this protocol to all incoming "confidential mail" in accordance with existing state law. See n.3, supra, and related text; see also ECF No. 19 at 11 (noting the verified declaration of Felicia Villalobos, Records and Mailroom Officer for Sacramento County Main Jail, demonstrates that the challenged practice had been corrected). "A prison may set a higher standard than that required by the First Amendment, but doing so does not elevate a violation of a prison policy into a constitutional claim." Blaisdell v. Dep't of Pub. Safety, 2014 WL 5581032, at *6, 2014 U.S. Dist. LEXIS 154983, at *14 (D. Haw. Oct. 31, 2014) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir 1988)). Federal law requires only that

////

////

7

incoming legal mail from a prisoner's attorney, clearly marked as such,[4] be opened in the prisoner's presence.[5]

---

[4] As articulated by the Supreme Court:

> We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar. As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail. The possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters.

Wolff v. McDonnell, 418 U.S. at 576-77.

[5] Another magistrate judge in this district recently recommended the denial of a motion to dismiss on these grounds, based on the following analysis:

> Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. See Sherman, 656 F.2d at 528; cf. Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). [¶] Defendant does not argue legal mail can be opened outside the inmate's presence, and the court is persuaded by the authorities cited above that doing so gives rise to a cognizable First Amendment claim. See also Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that inmates have a First Amendment rights to be present when legal mail is opened).

Corral v. Woodman, 2019 WL 2513630, at *2, 2019 U.S. Dist. LEXIS 101880, at *4-5 (E.D. Cal. June 18, 2019) (Case No. 2:18-cv-1769 KJM DMC P) (district judge's order pending).

Therefore, of the three incidents specifically challenged in plaintiff's FAC, only one states a potentially cognizable First Amendment claim: that, in July 2017, outside plaintiff's presence, defendant Furhman opened and read plaintiff's mail from American Disability Rights of California, which was clearly marked "Confidential Client-Attorney Communication" and "Legal and Confidential." Accord Nyland v. Calaveras County Sheriff's Jail, 688 Fed. Appx. 483, 485-86 (9th Cir. 2017) (allegations that defendants delivered to plaintiff "clearly marked legal mail that had been previously opened" and "signed a document admitting jail staff opened the mail outside [plaintiff's] presence" were sufficient to state First Amendment claim).

Neither of the other two incidents described by plaintiff supports a cognizable federal claim. There was no First Amendment violation by Furhman when he opened plaintiff's mail from the Sacramento County Sheriff's Department. "There is no confidential relationship between a prisoner and the police department that arrested him, unlike the confidential attorney-client relationship that exists between a litigant and his own attorney." Watkins v. Curry, 2011 WL 996802, at *2 2011, U.S. Dist. LEXIS 34121, at *4 (N.D. Cal. Mar. 21, 2011) (designating certified mail sent to plaintiff from the Los Angeles Police Department Internal Affairs Division as non-legal mail); Finley v. Corley, 2007 WL 2265601, at *1 n.2, 2007 U.S. Dist. LEXIS 59509, at *2 n.2 (E.D. Cal. Aug. 6, 2007) (mail sent to Sheriff's Departments is not considered legal mail).

Nor do plaintiff's vague allegations that defendant Greene opened his "confidential mail concerning a lawsuit" state a First Amendment claim. Even if that mail included some discussion about a settlement offer, plaintiff does not allege that the correspondence was clearly marked as legal mail.

For these reasons, plaintiff may proceed on his First Amendment claim that defendant Furhman, in July 2017, opened and read plaintiff's legal mail from American Disability Rights of California, which was clearly marked "Confidential Client-Attorney Communication" and "Legal and Confidential." However, because plaintiff's other allegations do not state a cognizable claim, defendant Greene should be dismissed from this action. Additionally, for the reasons set forth in the court's prior screening order (ECF No. 19), and because plaintiff did not attempt to reframe

his original allegations against these defendants, putative defendants Sacramento County, Sacramento County Sheriff Jones, and Dr. Janet Abshire should also be dismissed from this action.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. This action shall proceed on plaintiff's First Amended Complaint (FAC), ECF No. 23.

2. Service of process is appropriate for defendant Sacramento County Sheriff's Deputy Furhman.

3. The Clerk of the Court is directed to send plaintiff one USM-285 form, one summons, an instruction sheet, and one copies of the endorsed FAC.

4. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for defendant Furhman; and

   d. Two copies of the endorsed FAC.

5. Plaintiff shall not attempt service on defendant or request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant Furhman pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Failure of plaintiff to timely comply with this order will result in the dismissal of this action without prejudice.

Additionally, for the reasons previously stated, IT IS HEREBY RECOMMENDED that defendants Sacramento County Sheriff's Deputy Greene, Sacramento County, Sacramento County Sheriff Jones, and Dr. Janet Abshire be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:16-cv-2549 JAM AC P<br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed
_____:

    \_\_\_\_    one completed summons form

    \_\_\_\_    one completed USM-285 form for defendant Furhman

    \_\_\_\_    two copies of the endorsed FAC

_____    _____
Date    Plaintiff

1